IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00364-SKC

R.L.M.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## OPINION & ORDER

This action is before the Court under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff R.L.M.'s[1] application for disability insurance benefits (DIB). The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary. Because the ALJ applied the correct legal standards and substantial evidence in the record supports her findings and the Final Decision, the Court AFFIRMS the Final Decision.

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

1

## BACKGROUND

This action arises from Plaintiffs November 16, 2017, application for DIB under the Social Security Act claiming she became disabled beginning October 30, 2013. AR: 187-91. After a remand order from the Appeals Council, Plaintiff appeared telephonically and testified at an administrative law hearing on December 14, 2021, before Administrative Law Judge Kathleen Laub (ALJ). Attorney Richard Sans Soucy represented Plaintiff at the hearing.

The ALJ issued her written Decision on January 12, 2022. AR: 7185-98.[2] She determined Plaintiff had not been under a disability from the October 30, 2013, onset date through the date last insured of December 31, 2013—a two month period. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

//

//

//

---

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 7.

## DIB FRAMEWORK[3]

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

3

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.*

4

§ 416.920(e). The claimant has the burden of proof in Steps One through Four. The Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's Decision tracks the five-step process. At Step One, she found Plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset date through the date last insured. AR: 7187-88. At Step Two, she found Plaintiff had the following severe, medically determinable impairments during the relevant period: osteoarthritis of the bilateral knees requiring bilateral total arthroplasties, and peripheral neuropathy.[4] *Id.* at 7188. At Step Three, she found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 7189-90. She then found Plaintiff has the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except that she could walk for 10 minutes at one time and two hours total in an eight-hour workday; she had to stand and stretch for one minute every 30 minutes, which could be performed at the workstation without interrupting her work; she could never climb ladders, ropes, or scaffolds; she could occasionally climb ramps or stairs, balance, crouch, and stoop; she could never kneel or crawl; she could occasionally operate foot controls with the bilateral lower extremities; she could tolerate frequent exposure to extreme heat and extreme cold, occasional exposure to vibration, and no exposure to hazards such as heavy mechanical machinery like a jackhammer or tractor and unprotected heights; and she required a cane with ambulation over 20 feet.

*Id.* at 7190.

---

[4] She also found Plaintiff had other impairments which were not medically determinable impairments during the relevant period. AR: at 7188-89.

At Step Four, the ALJ determined that during the relevant period, Plaintiff was able to perform her past relevant work as an accounts receivable clerk and a payroll clerk because "[t]his work did not require the performance of work-related activities precluded by the claimant's [RFC] during that period . . . ." *Id.* at 7195. And at Step Five, she alternatively found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including photocopy machine operator, mail clerk (non-postal), and office helper. *Id.* at 7195-96. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period. *Id.* at 7198.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin,* 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*,

6

929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff makes a single argument assigning error to the ALJ: "The ALJ failed to adequately evaluate the treating and examining opinions in accordance with the Appeals Council's Order and 20 C.F.R. § 404.1527." Dkt. 11 at p.1. Plaintiff's Opening Brief cites and argues the incorrect regulation and standard for evaluating medical source opinions for cases, like hers, where the application for disability benefits is dated after March 27, 2017.[5]

---

[5] In her Reply Brief, Plaintiff acknowledged her error and the correct standard.

7

A significantly revised regulation, 20 C.F.R. § 404.1520c, applies to disability claims filed on or after March 27, 2017, regarding the evaluation of medical opinions by ALJs. "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions in the . . . ability to perform physical demands . . . [and] mental demands of work activities[.]" 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Under the revised regulations, the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, "the ALJ considers the persuasiveness of those opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as 'a medical source's familiarity with the other evidence in a claim.'" *Mileto v. Comm'r, SSA*, No. 21-1403, 2022 WL 17883809, at *2 (10th Cir. Dec. 23, 2022) (citing *Id.* §§ 404.1520c(c), 416.920c(c)).

The entire premise of Plaintiff's arguments is flawed because she substantively relied on the incorrect legal standard. For example, she frames the issue as the ALJ "failed to adequately evaluate the treating and examining opinions in accordance with . . . 20 C.F.R. § 404.1527." Dkt. 11 at pp.1, 13. She then relies on § 404.1527, and case law applying or interpreting that standard, throughout her opening brief in support of her arguments that the ALJ erred in her treatment of the medical opinions of Drs. Weiskittel, Strader, and Hansen. *Id.* at pp.15-20. And while in her three-page

8

reply brief Plaintiff acknowledges that 20 C.F.R. § 404.1520c is the correct standard, her arguments applying that standard are cursory at best. *See* Dkt. 13.

Because Plaintiff centers her arguments of error in her opening brief on the wrong legal standard, her arguments are insufficiently developed, and therefore, the Court treats her claims of error as waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."); *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1490 (10th Cir. 1995) ("[T]he employees failed to raise this argument in their opening brief on appeal. Therefore, they abandoned or waived the argument, and we will not address it on the merits."); *see also Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("Poupore failed to argue to the district court or in his opening brief on appeal that there was a question as to whether the ALJ applied the correct legal principles, and we therefore exercise our discretion to treat this claim of error as waived.); *Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 920 (N.D. Ill. 2009), *aff'd sub nom. Sabbia v. Astrue*, 433 F. App'x 462 (7th Cir. 2011) ("It is well-settled that insufficiently-developed arguments are forfeited.").

And it makes little difference that Plaintiff acknowledges and references the correct standard in her three-page reply brief. *Bowdry*, 58 F.3d at 1490 (refusing to address issue raised only in plaintiffs' reply brief). That said, the Court has carefully reviewed the ALJ's discussion of her treatment of medical source opinions in her decision, and has reviewed the administrative record, applying 20 C.F.R. § 404.1520c.

Upon review, the Court is not persuaded by Plaintiff's arguments and agrees with the arguments presented by the Commissioner. Accordingly, for the reasons set forth by the Commissioner in the Response Brief, the Court finds that substantial evidence in the record supports the ALJ's findings and conclusions, to include her treatment of the medical source opinions. *Speaker v. Comm'r, Soc. Sec. Admin.*, No. 1:19-CV-01504-RM, 2020 WL 1138508, at *2 (D. Colo. Mar. 9, 2020) ("To the extent Plaintiff has not waived any argument based on these factors by failing to present it adequately in her opening brief, the Court finds she has not shown the ALJ applied incorrect legal standards in evaluating her subjective complaints of pain.") Concerning the latter, the Court also finds the ALJ correctly applied 20 C.F.R. § 404.1520c, and therefore, there is no error.[6] In addition, Plaintiff's arguments are ultimately a request to reweigh the evidence, which the Court cannot do. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). The Final Decision is AFFIRMED.

\*   \*   \*

For the reasons shared above, the Court is satisfied that the ALJ considered all relevant facts, applied the correct legal standards, and that the record contains

---

[6] Plaintiff also argues the ALJ failed to adequately evaluate the treating and examining opinions in accordance with the Appeals Council's remand order. But the same standard applies to that argument. *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1178 (10th Cir. 2020) ("[W]e now reaffirm the use of our usual review standards when considering allegations that an ALJ failed to comply with an Appeals Council remand order. . . . Congress specified in 42 U.S.C. § 405(g) that courts are to evaluate denials of Social Security benefits by ascertaining whether the Commissioner's decision applies the correct legal standard and is supported by substantial evidence.")

substantial evidence from which the Commissioner could properly conclude under the law and regulations that Plaintiff was not disabled within the meaning of Title II of the Social Security Act.

Accordingly, IT IS ORDERED that the Commissioner's Final Decision is AFFIRMED and this civil action is DISMISSED, with each party paying their own fees and costs.

DATED: March 14, 2024

BY THE COURT:

S. Kato Crews
United States District Judge